1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH OSTRANDER, | CASE NO. 1:11-cv-00346-LJO-MJS |
| | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR PLAINTIFF'S FAILURE TO PROSECUTE OR COMPLY WITH COURT ORDERS |
| Plaintiff, | |
| v. | DATE: August 26, 2011 |
| | TIME: 9:30 AM |
| MACY'S DEPARTMENT STORES, INC., | COURTROOM: 6 (6th Floor) |
| | MICHAEL J. SENG, U.S. MAGISTRATE JUDGE |
| Defendant. | |
| _____/ | |

17      On February 24, 2011 the present action was removed from the Stanislaus County

18 Superior Court to the United States District Court for the Eastern District of California.

19 (Notice of Removal, ECF No. 1.) On March 1, 2011, the Court ordered a Mandatory

20 Scheduling Conference to be held on June 2, 2011. (ECF No. 3.) On the same date, the

21 Clerk of the Court notified counsel for Plaintiff Deborah Ostrander ("Plaintiff"), attorney

22 Lawrence A. Moy, that he was not admitted to practice in the Eastern District of California

23 and provided him the appropriate forms to seek admittance. (Clerk's Notice, ECF No. 4.)

24 The same notice was again served on Plaintiff's counsel on March 15, 2011. Plaintiff's

25 counsel has not responded to such notices nor undertaken to be admitted in the Eastern

26 District.

27      On May 31, 2011,  Defendant Macy's Department Stores, Inc. ("Defendant") filed

28 a scheduling report. (Rpt., ECF No. 5.) In an attached declaration, Defendant's counsel

-1-

1  stated that Plaintiff's counsel had failed to respond to Defense counsel's communications

2  regarding preparation of the scheduling order. (Id.)

3        On June 2, 2011, counsel for Defendant appeared telephonically at the Mandatory

4  Scheduling Conference before Magistrate Judge Michael J. Seng.  (Order, ECF No. 8.)

5  Counsel stated that he was appearing for both parties in the matter because they had

6  agreed to settled the case on June 1, 2011.  (Id.) The Court ordered the parties to file

7  dispositive documents consistent with the settlement within thirty days. (Id.) More than

8  thirty days have passed and the Court has not received dispositive documents or any other

9  response to the Court's June 2, 2011 order. On July 12, 2011, the Court ordered

10 Defendant's counsel to show cause why settlement documents had not been filed. (Order

11 to Show Cause, ECF No. 9.) Defendant's counsel responded that the settlement had not

12 been completed  because Plaintiff's counsel had not responded to Defendant's efforts to

13 carry out the terms of their settlement agreement.  (Decl. of Matthew Noel, ECF No. 10.)

14       As of this date, Plaintiff has failed to comply with every instruction and order of this

15 Court.

16       First, Plaintiff's counsel still is not admitted to the Eastern District of California. "The

17 Court may order any person who practices before it in violation of this Rule to pay an

18 appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund.

19 Payment of such sum shall be an additional condition of admission or reinstatement to the

20 Bar of this Court or to practice in this Court."  Local Rule 180(d).

21       Second, Plaintiff failed to comply with this Court's order to participate in the

22 Mandatory Scheduling Conference. Plaintiff failed to assist in preparing a joint scheduling

23 report in contravention of this Court's order and the Federal Rules of Civil Procedure.

24 (Order at 2-3.) See also, Fed. R. Civ. P. 16, 26(f). Plaintiff did not appear at the Mandatory

25 Scheduling Conference.  As stated in the order scheduling the conference:

26

27 SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR
   AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO
28 COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX

PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED. (Emphasis in original.)

At the Mandatory Scheduling Conference, Defendant's counsel stated the case was settled.  However the settlement reportedly has been frustrated by Plaintiff's counsel's refusal to communicate further with Defense counsel.

In short, since the matter has been removed to federal court, Plaintiff has abandoned efforts to participate in the case.  Plaintiff's failure to act as required by Court Rule and Order frustrates the Court's efficient processing of the case, wastes the Court's scant judicial resources and Defendant's time, and exposes Plaintiff's counsel and Plaintiff to sanctions.

Accordingly, Plaintiff's counsel is ORDERED to appear, in person, before the Court on August 26, 2011 at 9:30 am to show cause why terminating and/or monetary sanctions should not be issued for failure to prosecute and failure to comply with the orders of this Court.

IT IS SO ORDERED.

Dated:   July 27, 2011          _____ /s/ _Michael J. Seng_____
                                UNITED STATES MAGISTRATE JUDGE